IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SHANNON MARIE WAGNER                                                                PLAINTIFF

vs.                                        Civil No. 2:14-cv-02177

CAROLYN COLVIN                                                                       DEFENDANT
Commissioner, Social Security Administration

# MEMORANDUM OPINION

Shannon Marie Wagner ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 9.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

## 1. Background:

Plaintiff's application for DIB was filed on October 11, 2011. (Tr. 38, 145-148). Plaintiff alleged she was disabled due to neck and back problems, stroke, depression, asthma, hypertension, and breathing problems. (Tr. 174). Plaintiff alleged an onset date of February 14, 2011. (Tr. 38, 145). This application was denied initially and again upon reconsideration. (Tr. 38, 53-58, 64-65).

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___" The transcript pages for this case are referenced by the designation "Tr."

1

Thereafter, Plaintiff requested an administrative hearing on her application and this hearing request was granted. (Tr. 66).

Plaintiff's administrative hearing was held on February 21, 2013. (Tr. 7-34). Plaintiff was present and was represented by counsel, Michael Hamby, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Montie Lumpkin testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty (40) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had obtained her GED. (Tr. 12).

On April 19, 2013, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 38-46). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2015. (Tr. 40, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 14, 2011. (Tr. 40, Finding 2).

The ALJ determined Plaintiff had the severe impairments of stroke, obesity, disorder of the back, disorder of the neck, asthma, and degenerative disk disease. (Tr. 40, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 40, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 41-45). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform light work, with the following limitations: can climb ramps and stairs frequently and never climb ropes, scaffolds and ladders; can balance, stoop, kneel, crouch and crawl

2

occasionally; must avoid even moderate exposure to fumes, dusts, odors, gases and poorly ventilated areas; can handle and finger with her left upper extremity frequently; and is limited to occupations that require only occasional near and far visual acuity. (Tr. 41, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 45, Finding 6). The ALJ found Plaintiff was able to perform her PRW as a cashier checker, carhop, assistant retail manager, and management trainee in fast food. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from February 14, 2011, through the date of the decision. (Tr. 45, Finding 7).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 51). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-4). On August 15, 2014, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on August 25, 2014. ECF No. 9. Both Parties have filed appeal briefs. ECF Nos. 11, 14. This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See*

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can

perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff brings the present appeal only claiming the ALJ erred in the RFC determination. ECF No. 11, Pgs. 2-3. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 14.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to perform light work, with the following limitations: can climb ramps and stairs frequently and never climb ropes, scaffolds and ladders; can balance, stoop, kneel, crouch and crawl occasionally; must avoid even moderate exposure to fumes, dusts, odors, gases and poorly ventilated areas; can handle and finger with her left upper extremity frequently; and is limited to occupations that require only occasional near and far visual acuity. (Tr. 41, Finding 5). Plaintiff argues the ALJ erred in this RFC determination. ECF No. 11, Pgs. 2-3. However, substantial evidence supports the ALJ's RFC determination.

On February 19, 2010, Plaintiff was seen by Dr. Janice Keating after she complained of left hand numbness and left-eye vision problems that had resolved. (Tr. 247-251). Dr. Keating indicated Plaintiff had a history of chronic neck and pack pain, from previous injuries in 1994 and 2009, but had recovered well from those injuries. (Tr. 247-248). Plaintiff's physical examination was essentially normal with a normal gait, full muscle strength in both arms and legs, and normal sensory examination results in both arms and legs. (Tr. 249-250). Plaintiff returned to Dr. Keating on April 22, 2010 and Dr. Keating indicated Plaintiff had probable cerebrovascular disease which was secondary to poorly controlled hypertension. (Tr. 243-244). Dr. Keating recommended Plaintiff return to her primary physician for aggressive hypertension treatment, along with diet and exercise for weight loss. (Tr. 244).

On February 10, 2011, Plaintiff was seen by Dr. Greg Gibbons for high blood pressure, stress, and asthma. (Tr. 302-304). Dr. Gibbons indicated Plaintiff had no unusual anxiety or evidence of depression, and a physical examination showed normal results. (Tr. 303). Dr. Gibbons also fund Plaintiff had no motor or sensory deficits and no extremities abnormalities. *Id.* Plaintiff returned to see Dr. Gibbons on June 9, 2011. (Tr. 299-301). Plaintiff's blood pressure was normal and she had no associated symptoms with hypertension. *Id.* When Plaintiff returned on August 3, 2011, Dr.

Gibbons indicated Plaintiff had no unusual anxiety or evidence of depression, and a physical examination showed normal results. (Tr. 296-298).

On November 9, 2011, Plaintiff was seen by Dr. Arturo Meade. (Tr. 331-332). Dr. Meade performed a sleep study which revealed a poor sleep deficiency and obstructive sleep apnea. *Id.* Dr. Meade recommended use of a CPAP machine for her condition. (Tr. 331).

On December 31, 2011, Dr. Steven Strode prepared a Physical RFC Assessment. (Tr. 345-352). Dr. Strode indicated Plaintiff had the RFC to lift or carry twenty pounds occasionally and ten pounds frequently; to stand, walk, and sit for about six hours in an eight-hour workday; and to push and pull without limitations, other than as assessed for lifting and carrying. (Tr. 346). Dr. Strode also indicated that due to morbid obesity and asthma, Plaintiff was limited to occasional crawling, balancing, and climbing ladders, ropes, or scaffolds, but could frequently climb ramps and stairs; and should avoid concentrated exposure to fumes. (Tr. 347, 349).

Plaintiff argues she cannot stand or walk for more than 15 minutes, has limitations with fingering and handling due to residuals from the stroke, and would miss at least two-to-three days per month for medical treatment. ECF No. 11. However, Plaintiff referenced no medical evidence that would support her alleged limitations.

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination. Plaintiff has the burden of establishing her claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met this burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **27th day of May 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE